Michael S. Sosnowski (State Bar #062859)
150 Carmelito Avenue, Suite 200
P.O. Box 2167
Monterey, California 93942-2167
Telephone: (831) 657-1240
Fax: (831) 657-1244

Attorney for Secured Creditor, Monterey County Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ROBERT EDWARD HAYNER, dba Cordbanc USA, dba BioBancUSA a corporation, dba BioBancUSA, Corp. and JANE E. HAYNER<br><br>Debtors. | Chapter 7<br><br>Case No. 11-51102 CN<br><br>RS No. MSS - 001<br><br>**MOTION BY MONTEREY COUNTY BANK FOR RELIEF FROM AUTOMATIC STAY**<br>[11 U.S.C. §362(d), 11 U.S.C. and §362(d)(1)]<br><br>Date: May 4, 2011<br>Time: 2:00 p.m.<br>Courtroom: 3070<br>Place: 280 S. First Street<br>San Jose, CA 95113 |

    Monterey County Bank ("Movant"), moves this court for an order terminating the automatic stay of 11 U.S.C. § 362 so that Movant may commence and continue all acts necessary to enforce its security interest in personal property generally described as blood plasma storage equipment and proceeds of Debtors' business known as BioBancUSA located at 5 Lower Ragsdale Drive Monterey, California.

    On or about February 4, 2011, Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy code, and Audrey Barris was appointed as Chapter 7 Trustee. As a result of said filing,

MOTION FOR RELIEF
FROM AUTOMATIC STAY

1

certain acts and proceedings against Debtors and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

Movant moves this court for relief from stay under 11 U.S.C. §362(d)(1) and 362(d)(2).

## I.
## NO EQUITY § 362(d)(2)

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court held that:
> §362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under § 362(d)(2). .

In re Mikole Developers, Inc., 14 B.R. 524, 525 (Bankr. E.D. Pa. 1891), the court held that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totaled, whether or not all the lien holders have joined in the request for relief from stay. In Stewart v. Gurley, 745 F.2d 1194 (9th Cir. 1984) the Ninth Circuit concurred with this view.

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. La Jolla Mortgage Fund v. rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about September 12, 2006 debtor, BioBancUSA for valuable consideration, made, executed and delivered to Movant a Note in the principal sum of $500,000.00 (the "Note"). Pursuant to the Note, debtor is obligated to make monthly principal and interest payments of $10,438.95 commencing October 12, 2006 for 60 months until paid in full. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A true and correct copy of the note is attached to the Declaration in Support of Motion for Relief from Automatic Stay as exhibit A.

On or about September 12, 2006 debtor BioBancUSA made, executed and delivered to Movant a Commercial Security Agreement granting Movant a security interest in certain plasma

storage equipment described as BioArchive HD9139 and AXP kit AX0089DS5035 and proceeds thereof which are located at 5 Lower Ragsdale Drive Monterey, California. The Commercial Security Agreement provides that attorneys' fees and costs incurred as a result of the debtor's bankruptcy case may be included in the outstanding balance under the Note. A Financing Statement perfecting Movant's security interest was filed on September 13, 2006 with the California Secretary of State. True and correct copies of the Commercial Security Agreement and Financing Statement are attached to the Declaration in Support of Motion for Relief from Automatic Stay as exhibits B and C.

The plasma storage equipment described as BioArchive HD9139 and AXP kit AX0089DS5035 was appraised as of April 1, 2011 at a fair market value of $230,000. After deducting the following liens and encumbrances against debtor BioBancUSA as disclosed by the public record the debtor does not have any equity in the equipment:

| FILING DATE | LIEN HOLDER | LIEN AMOUNT |
|---|---|---|
| 9.13.2006 | Monterey County Bank – UCC | $167,813.00 |
| 7.13.2009 | IRS Tax Lien | $123,124.00 |
| 10.16.2009 | State Tax Lien | $23,996.00 |
| 2.9.2010 | Mering Carson Judgment Lien | $31,906.00 |
| 5.10.2010 | IRS Tax Lien | $13,287.00 |
| | TOTALS | $360,126.00 |

## II.

### CAUSE – LACK OF ADEQUATE PROTECTION § 362(d)(1).

Pursuant to the provision of 11 U.S.C. § 361 and 361(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

3

Movant is informed and believed that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C. § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the enforcement by Movant of all of its rights in the personal property security under the Note and the Commercial Security and Pledge Agreement.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the real property and the personal property security interest conferred by Deed of Trust and the Commercial Security and Pledge Agreement, including any action necessary to obtain possession of the real property and personal property.

Dated: April 6, 2011 /s/Michael S. Sosnowski_____
Michael S. Sosnowski
Attorney for, Monterey County Bank