UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-51102 |
| ROBERT EDWARD HAYNER and<br>JANE E HAYNER, | Chapter 7 |
| | NO HEARING REQUIRED |
| Debtors.                              / | |

## NOTICE OF TRUSTEE'S INTENT TO SELL PERSONAL PROPERTY

**NOTICE IS HEREBY GIVEN** that, pursuant to 11 U.S.C. Section 554 and Federal Rule of Bankruptcy Procedure 6007, AUDREY BARRIS, the Chapter 7 Trustee of the above-referenced estate ("Trustee"), intends to sell the estate's interest in 2,100 (two thousand one hundred) fully paid and nonassessable shares of the common stock of 1st Capital Bank (the "1st Capital Stock").

The Debtor's records reflect, and the Trustee has confirmed, the following regarding the 1st Capital Stock: The 1st Capital Stock is traded over the counter on the OTCBB Bulletin Board. As of 1:56 PM EDT May 19, 2011, the 1st Capital Stock traded on the OTCBB Bulletin Board at $9.00 per share, for a total value of $18,900.00. Due to fluctuations in the stock market, it cannot be known at this time what the value of the 1st Capital Stock will be at the time of sale. The Trustee proposes to work with Wedbush Securities to sell the 1st Capital Stock. Wedbush Securities will charge a commission of $.10 per share, or $210.00, plus a flat fee of $15.00 to cover the cost of the U.S. Securities and Exchange Commission fee, as well as, the cost of mailing. The Trustee proposes to sell the 1st Capital Stock at the then market price and pay the associated commissions without further order of the Court. It is the Trustee's business judgment that the sale of the estate's interest in the 1st Capital Stock is in the best interest of the estate and the creditors of the estate.

**Any party in interest who wishes to object to the above-described sale of personal property or wishes a hearing on the Trustee's intention to sell the personal property described herein must comply with Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California. Pursuant to Local Rule 9014-1 an objecting party or party requesting a hearing must file with the Bankruptcy Court and serve counsel for the Trustee with a written request for hearing or objection, along with declarations and/or memoranda of law supporting the objection or request for hearing, within twenty (20) days of the mailing of this notice. In the event an objection or request for hearing is timely made, Trustee's counsel shall obtain a hearing date and provide the objecting party with at least ten (10) days written notice of the hearing. If no party in interest timely files a request for hearing or an objection to the sale of personal property, the Trustee may obtain an order approving the sale of personal property without a hearing.**

DATED: May 23, 2011

/s/ Mariam S. Marshall
_____
Mariam S. Marshall, Esq. (Bar No. 157242)
MARSHALL & RAMOS, LLP
Attorneys for Trustee
AUDREY BARRIS
350 Frank H. Ogawa Plaza, Suite 603
Oakland, California 94612
Telephone: (510) 835-8359
Facsimile: (510) 835-8259
mmarshall@marshallramoslaw.com

1