| | |
|---|---|
| 1 | Mariam S. Marshall, Esq. (Bar No. 157242) |
| | Zunilda Ramos, Esq. (Bar No. 161114) |
| 2 | MARSHALL & RAMOS, LLP |
| | ATTORNEYS AT LAW |
| 3 | The Westlake Building |
| | 350 Frank H. Ogawa Plaza, Suite 603 |
| 4 | Oakland, California 94612 |
| | Telephone: (510) 835-8359 |
| 5 | Facsimile: (510) 835-8259 |
| | mmarshall@marshallramoslaw.com |

Attorneys for Trustee,
AUDREY BARRIS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 11-51102 |
| ROBERT EDWARD HAYNER and | Chapter 7 |
| JANE E HAYNER, | **No Hearing Required** |
| Debtors. | |

**NOTICE OF TRUSTEE'S INTENT TO SELL
PERSONAL PROPERTY OF THE ESTATE**

TO:   ALL CREDITORS AND PARTIES IN INTEREST

**NOTICE IS HEREBY GIVEN** that through this Motion Audrey Barris, the Chapter 7 Trustee ("Trustee ") of the above captioned matter, seeks an order authorizing the Trustee to sell personal property of the estate consisting of 34,000 shares of stock in BioBancUSA, a California corporation, California Entity Number C2879570/TAX ID# 20-4882679, held under the name of Hayner Family 2003 Revocable Trust U/D/T June 24, 2003 (the "BioBancUSA Stock"). The stock of BioBancUSA is not publically traded. The Trustee has entered into a agreement to sell the BioBancUSA Stock to Richard G. Pivnicay ("Buyer") for the sum of $20,000, subject of overbids. The Trustee is informed and believes that the BioBancUSA Stock is unencumbered. The Trustee has the BioBancUSA Stock in her possession, custody and control.

The Trustee has entered into a contract to sell the BioBancUSA Stock to the Buyer for the sum of $20,000. The Buyer's offer is an all-cash offer. The sale of the BioBancUSA Stock is subject to overbids and contingent upon Bankruptcy Court approval. The Buyer is buying the BioBancUSA Stock without representations and warranties. The Trustee has received no other offers for the BioBancUSA Stock..

NOTICE OF TRUSTEE'S INTENT TO SELL PERSONAL PROPERTY OF THE ESTATE

**THE SALE OF THE BIOBANCUSA STOCK IS SUBJECT TO OVERBIDS. OVERBIDDER(S) UNDERSTAND THAT THE SALE OF THE BIOBANCUSA STOCK IS WITHOUT ANY REPRESENTATIONS, WARRANTIES OR CONTINGENCIES. THE OVERBIDS SHALL BE ENTERTAINED ON JULY 6, 2011, AT 11:00 a.m., AT THE LAW OFFICES OF MARSHALL & RAMOS, LLP, LOCATED AT 350 FRANK H. OGAWA PLAZA, SUITE 603, OAKLAND, CALIFORNIA 94612. THE OVERBIDS MUST BE IN INCREMENTS OF $1,000. THE STARTING OVERBID SHALL BE IN THE AMOUNT OF $21,000. THE SUCCESSFUL OVERBIDDER(S) MUST PROVIDE A DEPOSIT IN THE AMOUNT OF $5,000 IN CERTIFIED FUNDS AT THE OVERBID SALE. OVERBIDDERS SHALL ALSO PROVIDE WRITTEN OFFERS AND PROOF OF FINANCIAL ABILITY TO PERFORM TO THE MARSHALL & RAMOS, LLP OFFICE, ON OR BEFORE 5:00 p.m., ON FRIDAY, JULY 1, 2011. OVERBIDDERS MUST ALSO PROVIDE PROOF OF ABILITY TO PAY THE FULL OVERBID PURCHASE PRICE UPON COURT APPROVAL OF THE SALE.**

It is the Trustee's business judgment that the sale of the BioBancUSA Stock to the Buyer, subject to overbids, on the terms and conditions set forth above is in the best interests of the estate and its creditors. The BioBancUSA Stock is not publically traded and is not sold over the counter. Thus, there is no ready market for this stock. The Debtors listed the value of the BioBancUSA Stock in their bankruptcy schedules as $100. The Buyer's offer in the amount of $20,000, subject to overbids, was the only offer received by the Trustee.. The Trustee is informed and believes that there is a limited pool of potential buyers for the BioBancUSA Stock given the fact that this stock is not publically trades and the fact that it is an "all cash" sale.

Since the Trustee is selling the BioBancUSA Stock directly to the Buyer, the estate is avoiding broker sales commissions. Consequently, the net recovery by the estate from the sale of the BioBancUSA Stock will be $20,000.

**Any party in interest who wishes to object to the above-described sale of personal property or wishes a hearing on the Trustee's intention to sell personal property described herein must comply with Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California. Pursuant to Local Rule 9014-1 an objecting party or party requesting a hearing must file with the Bankruptcy Court and serve counsel for the Trustee with a written request for hearing or objection, along with declarations and/or memoranda of law supporting the objection or request for hearing, within twenty-one (21) days of the mailing of this notice. In the event an objection or request for hearing is timely made, Trustee's counsel shall obtain a hearing date and provide the objecting party with at least seven (7) days written notice of the hearing. If no party in interest timely files a request for hearing or an objection to the proposed sale of personal property the Trustee may obtain an order approving the sale without a hearing.**

Dated: June 21, 2011          MARSHALL & RAMOS, LLP

/s/ Mariam S. Marshall
MARIAM S. MARSHALL
Attorneys for Trustee
AUDREY BARRIS

NOTICE OF TRUSTEE'S INTENT TO SELL PERSONAL PROPERTY OF THE ESTATE          -2-