Mariam S. Marshall, Esq. (Bar No. 157242)
Zunilda Ramos, Esq. (Bar No. 161114)
MARSHALL & RAMOS, LLP
ATTORNEYS AT LAW
The Westlake Building
350 Frank H. Ogawa Plaza, Suite 603
Oakland, California 94612
Telephone: (510) 835-8359
Facsimile: (510) 835-8259
mmarshall@marshallramoslaw.com

Attorneys for Trustee
AUDREY BARRIS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

ROBERT EDWARD HAYNER and JANE E. HAYNER,

Debtors.

Case No. 11-51102

Chapter 7

**No Hearing Required**

## DECLARATION OF AUDREY BARRIS IN SUPPORT OF APPLICATION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY

I, AUDREY BARRIS, hereby declare as follows:

1. I am the trustee of the above-referenced Chapter 7 bankruptcy estate. The statements made herein are based upon my own personal knowledge, except as to matters stated herein on my information and belief, and as to those matters, I believe the information to be true and correct. If called as a witness, I could and would competently testify to the statements made herein.

2. Among the assets of the estate is the certain personal property consisting of 34,000 shares of stock in BioBancUSA, a California corporation, California Entity Number C2879570/TAX ID# 20-4882679, held under the name of Hayner Family 2003 Revocable Trust U/D/T June 24, 2003 (the "BioBancUSA Stock").

3. I am informed and believe that the BioBancUSA Stock is not publically

DECLARATION OF AUDREY BARRIS IN SUPPORT OF APPLICATION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY

1 | traded.

4. I am informed and believe that the Debtors valued the BioBancUSA Stock in their Bankruptcy Schedules at $100. The Debtors have an allowed $100 exemption in the BioBancUSA Stock.

5. I received a number of inquires from potential interested buyers for the BioBancUSA Stock, but no firm offers, except from Richard G. Pivnicay ("Buyer"), for the sum of $20,000. I accepted the Buyer's offer, subject to overbids and Bankruptcy Court approval. A true and correct copy of the fully executed offer from the Buyer is attached hereto as Exhibit "A".

5. I am informed and believe Article IX of BioBancUSA's Articles of Incorporation provide that any shareholder who wishes to sell their shares of BioBancUSA stock shall give written notice of the intent to sell and the terms of sale to BioBancUSA. Thereafter, BioBancUSA or shareholder(s) of the corporation shall have thirty (30) days from the date of the original notice to make a written offer to purchase the stock on the terms specified in the notice.

6. I am informed and believe that on June 21, 2011, the Notice of Trustee's Intent to Sell the BioBancUSA Stock (the "Notice"), was served on the two remaining officers and directors of BioBancUSA, Debtor Robert Hayner and James Swallow.

7. I am informed and believe that on July 5, 2011, my counsel wrote to Messrs. Hayner and Swallow as well as the Corporate Secretary of BioBancUSA, advising them that pursuant to BioBancUSA's Article of Incorporation, the corporation and its shareholders had until July 21, 2011, to make a written offer to purchase the BioBancUSA Stock from the estate on the terms stated in the Notice.

8. As of the date of this Declaration I had not received any written offers from BioBancUSA or its shareholders for the BioBancUSA Stock.

9. The sale of the BioBancUSA Stock was subject to overbids. The overbid sale was conducted on July 6, 2011. I received no overbid offers for the BioBancUSA

DECLARATION OF AUDREY BARRIS IN SUPPORT OF APPLICATION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY

2

Stock.

10. I am informed and believe that on June 21, 2011, the Notice was served on all creditors and parties in interest. The Notice provided that any party in interest wishing to object to the sale of the personal property was required to file with the Court and serve on counsel for the Trustee an objection no later than twenty-one (21) days after the date of the Notice.

11. I am informed and believe that no objection to the proposed sale of personal property has been received or otherwise communicated to me or my counsel.

12. It is my business judgment that the sale of the BioBancUSA Stock to the Buyer for $20,000.00 cash represents the fair market value for the stock and is the highest and best price obtainable for this asset. I am informed and believe that because BioBancUSA is not a publically traded company, there is not ready market for the purchase and sale of the stock of this company. The Buyer's offer is the only offer I received for the BioBancUSA Stock after exposing the stock to an overbid sale and after providing notice of the sale to the officers and directors of BioBancUSA.

13. Time is of the essence in selling the BioBancUSA Stock to the Buyer. I respectfully request that the Court approve the sale of the stock to the Buyer with a waiver of the 14 day appeal period of FRBP 8002(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 22nd day of July, 2011, in San Francisco, California.

/s/ Audrey Barris
Audrey Barris

DECLARATION OF AUDREY BARRIS IN SUPPORT OF APPLICATION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY

3

EXHIBIT "A"

# AGREEMENT FOR PURCHASE, SALE, AND ASSIGNMENT OF PERSONAL PROPERTY

This Agreement For Purchase, Sale, and Assignment of Personal Property ("Agreement") is made this __ date of June 2011, between Richard G. Pivnicny as buyer ("Buyer") and Audrey Barris, Chapter 7 Trustee in the matter of In re Robert Edward Hayner and Jane E. Hayner, United States Bankruptcy Court Northern District of California (San Jose Division), Case No.: 11-51102 as seller ("Seller").

## Recitals

A.  On February 4, 2011 Robert Edward Hayner and Jane E. Hayner, husband and wife, ("Debtors") commenced a Chapter 7 bankruptcy in the United States Bankruptcy Court Northern District of California (San Jose Division) Case No.: 11-51102 ("Bankruptcy Court"), ("Bankruptcy Case"). Audrey Barris ("Seller") was appointed by the Bankruptcy Court to serve as Chapter 7 Trustee for the Bankruptcy Case.

B.  In the Bankruptcy Case, Debtors listed as assets 34,000 shares of BioBancUSA, a California corporation/California Entity Number C2879570/Tax ID# 20-4882679 held under the name of Hayner Family 2003 Revocable Trust U/D/T June 24, 2003) ("BioBancUSA") and such are considered part of the Debtors' Bankruptcy Case's estate ("The BioBancUSA Stock").

C.  Buyer desires to purchase and Seller desires to sell and assign to Buyer, subject to the terms and conditions of this Agreement and Bankruptcy Court approval, all of Debtors' and the estate's right, title, and interest, in The BioBancUSA Stock in exchange for the consideration described hereinafter.

## Agreement

In consideration for the mutual covenants, agreements, representations, and warranties contained in this Agreement, Buyer and Seller agree as follows:

1.  Buyer and Seller have not made and do not make any representations or warranties of any kind regarding BioBancUSA Stock and acknowledge they have not relied upon and do not rely upon any representations or warranties by the other in entering into this Agreement, except as specifically stated herein.

2.  Seller, individually and on behalf of the estate, represents and warrants that (1) she has not previously assigned or transferred any of her right, title, and interest in The BioBancUSA Stock; (2) she has the sole and exclusive authority to enter into this Agreement, (3) she has exclusive possession and control of the BioBancUSA Stock; (4) The BioBancUSA Stock has not been sold, assigned, encumbered, transferred, or otherwise disposed of in whole or in part; (5) Seller has the authority to endorse The BioBancUSA Stock and will promptly turnover to Buyer

Page 1 of 3

RGP 6/20/2011

Case: 11-51102    Doc# 52-1    Filed: 07/22/11    Entered: 07/22/11 09:36:17    Page 5 of 8

The BioBancUSA Stock upon Bankruptcy Court approval of this Agreement and exchange of the agreed upon consideration; and (5) Bankruptcy Court approval of this Agreement is required.

3. Buyer agrees to pay to Seller and Seller agrees to accept from Buyer $20,000.00 in exchange for Seller selling and assigning to Buyer, or Buyer's assignee, The BioBancUSA Stock, free and clear of any liens subject to the terms and conditions of this Agreement and Bankruptcy Court approval. Pursuant to the terms and conditions of this Agreement Buyer will pay to Seller as designated by Seller said funds on the 15th day after Bankruptcy Court approval and Seller will turnover possession and control of The BioBancUSA Stock to Buyer, or Buyer's assignee or designee, within twenty-four hours of receipt of said funds.

4. Buyer and Seller acknowledge the sale is subject to overbids.

5. Buyer and Seller recognize that the order approving this Agreement is subject to an appeal and is not considered final for fourteen days following entry of the order. Therefore, rather than delay the effective date of the order approving this Agreement Buyer and Seller agree that should an appeal of order approving this Agreement be filed that each will oppose said appeal and that if such appeal is successful in overturning or reversing the Bankruptcy Court's approval of this Agreement then Buyer and Seller shall each promptly return The BioBancUSA Stock and the paid funds to the other and this Agreement shall be considered null and void.

6. Buyer and Seller each acknowledge it was recommended that each consult with counsel of their choice, that each had prior and reasonable opportunity to review and to discuss this Agreement with the counsel of their choice before execution and each freely enters into this Agreement.

7. This Agreement, and each of its provisions, shall be binding on and inure to the benefit of the heirs, successors, and assigns of the respective parties and may only be modified by a writing signed by the respective parties. All parties to this Agreement shall cooperate fully with each other in the execution of any and all other documents and in the completion of any additional acts that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

8. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all such counterparts together shall constitute one and the same instrument. A facsimile of a signature shall be binding against the party whose signature appears on the facsimile.

9. This Agreement is intended to be the final, complete, and exclusive statement of the terms of any agreement between the parties hereto, supercedes all other prior or contemporaneous agreement and statements, whether written or oral, express or implied, pertaining in any manner to the Agreement, may not be contradicted by evidence of any prior or contemporary statements or agreements, and is deemed to have been written by each party hereto.

Case: 11-51102    Doc# 52-1    Filed: 07/22/11    Entered: 07/22/11 09:36:17    Page 6 of 8

10. This Agreement shall be governed by and construed in accordance with the laws of the State of California, jurisdiction and venue of any dispute shall be the Bankruptcy Court, if there is any dispute between Buyer and Seller regarding enforcement of this Agreement the prevailing party shall be entitled to their reasonable attorneys fees and costs as determined by the Bankruptcy Court, and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement or any order approving this Agreement.

Executed as of the Effective Date,

### PARTIES

**Buyer**
Richard G. Pivnlony

*[signature]*
By: Richard G. Pivnlony
Dated: June 20, 2011

**Seller**
Audrey Barris, Chapter 7 Trustee

_____
By: Audrey Barris, Chapter 7 Trustee
Dated: June   , 2011

Page 3 of 3

10. This Agreement shall be governed by and construed in accordance with the laws of the State of California, jurisdiction and venue of any dispute shall be the Bankruptcy Court, if there is any dispute between Buyer and Seller regarding enforcement of this Agreement the prevailing party shall be entitled to their reasonable attorneys fees and costs as determined by the Bankruptcy Court, and the Bankruptcy Court shall retain jurisdiction to enforce this Agreement or any order approving this Agreement.

Executed as of the Effective Date,

### PARTIES

**Buyer**
Richard G. Pivnicny

_____
By: Richard G. Pivnicny
Dated: June , 2011

**Seller**
Audrey Barris, Chapter 7 Trustee

*/s/ Audrey Barris*
By: Audrey Barris, Chapter 7 Trustee
Dated: June , 2011

Case: 11-51102   Doc# 52-1   Filed: 07/22/11   Entered: 07/22/11 09:36:17   Page 8 of 8